IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

STEVEN MATTHEW CHAMBERS,

   Defendant.

Case No. 6:16-cr-00377-AA
**OPINION AND ORDER**

AIKEN, District Judge:

  Before the Court is defendant Steven Matthew Chambers' Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Doc. 34.  The Court held oral argument on the motion on December 21, 2020 and denied the motion on the record for the following reasons.

## STANDARDS

  Generally, a district court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25

(2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion for compassionate release by a defendant:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
> > (i) Extraordinary and compelling reasons warrant such a reduction; [... ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant policy statement is found in the United States Sentencing Guidelines, § 1B1.13. The policy statement identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant, including "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (B) the age of the defendant; (C) family circumstances; and (D) extraordinary and compelling reasons "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. 1(A)–(D).[1] The policy statement also requires the court to find that the

---

[1] Although the policy statement limits the fourth category to other reasons "[a]s determined by the Director of the Bureau of Prisons," the Court follows the majority of federal courts that "have

defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).

## DISCUSSION

Defendant submitted a request for compassionate release to the warden of FCI Herlong, where he is currently incarcerated, on August 11, 2020, the warden denied the request on August 28, 2020, and defendant filed this Motion on December 4, 2020. Ex. A (doc. 38–1).   More than 30 days have elapsed since August 11, and the Government concedes that the Motion is properly before the Court.

Defendant argues that the COVID-19 outbreak at FCI Herlong, coupled with his medical conditions present extraordinary and compelling reasons for his release. Defendant is a 37-year-old male, with a BMI of 33 kg/m$^2$, an "unspecified" urinary disorder, mononeuropathy, and a reported history of childhood asthma.  Ex. B. (doc. 38–2) at 1, 4.  Defendant's BMI demonstrates that he has obesity, a condition that the Centers for Disease Control ("CDC") has identified as putting adults of any age at increased risk of severe illness from COVID-19.  *See People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION: CORONAVIRUS DISEASE 2019 (COVID-19) (Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

---

found that the most natural reading of the amended § 3582(c) and 28 U.S.C. § 994(t) is that the district assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it."  *United States v. Perez*, No. 88-10094-1-JTM, 2020 WL 1180719, at * 2 (D. Kan. Mar. 11, 2020); *see also United States v. Joling*, No. 6:15-cr-00113-AA, 2020 WL 1903280, at *3 (D. Or. Apr. 17, 2020).

precautions/people-with-medical-conditions.html (last visited Dec. 21, 2020). He has no other documented COVID-19 risk factors.[2]

When defendant filed this motion on December 4, 2020, FCI Herlong was experiencing a spike in COVID-19 infections, with BOP reporting 141 active infections among inmates, up from just 18 active infections a week earlier on November 27, 2020. *See Facility-Level BOP COVID-19 Trends*, U.S. DEP'T OF JUST. OFF. OF INSPECTOR GEN. (OIG) (updated Dec. 19, 2020), https://experience.arcgis.com /experience/ab22fb4c564e4f4b986e257c685190e8/page/page_2/ (last visited Dec. 21, 2020) (OIG interactive dashboard with data relating to COVID-19 within BOP). Now, BOP reports 77 active infections among inmates at FCI Herlong. *COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Dec. 21, 2020).

At the hearing, defendant told the Court that he was one of the inmates reported in that early December spike. He reported that he was tested on November 25 and received a positive result in December. Although he believes that he has been deemed "recovered," defendant is still experiencing some issues with lung function.[3]

On this record, the Court cannot find extraordinary and compelling reasons to reduce defendant's sentence. Despite his obesity, defendant's COVID-19 symptoms fortunately appear to have been mild and he appears to have received adequate care

---

[2] Although defendant is concerned that he may have other conditions that increase his risk from COVID-19, including hypertension, diabetes, and asthma, he has not yet been diagnosed with any of those conditions and, instead is awaiting diagnostic care from the Bureau of Prisons.

[3] Defense counsel was not able to obtain documentation of defendant's positive COVID test or of his symptoms before the hearing, but the Court finds the representations credible and will consider them for purposes of this Opinion.

for those symptoms while in BOP custody. Moreover, defendant has a projected release date of August 2025 and has served just over half of his 132-month sentence, which was well below the 151-month low end of his guidelines range.[4] Given the serious nature and circumstances of defendant's underlying offense—he was found with over four pounds of methamphetamine while on post-prison supervision for state offenses—reducing defendant's sentence to time-served would undermine the sentencing factors under 18 U.S.C. § 3553(a).

The Court recognizes that defendant has made valuable use of his time while incarcerated, including by completing courses that will help him build the job, life, and self-care skills needed for a successful return to the community. The Court also agrees with defendant that paying off his financial obligations to the Court and earning a medium security classification and transfer to FCI Herlong are notable achievements. Although the rare and extraordinary nature of compassionate release constrains the Court's ruling on the present motion, the Court recommends that BOP transfer defendant to a residential reentry center ("RRC") at the earliest practicable time to allow him the maximum amount of time in community corrections for his transition out of custody and back into the community. *See Sacora v. Thomas*, 628

---

[4] In his motion, defendant noted that he was classified as a career offender at sentencing. He argues that his 2008 conviction for Attempted Assault in the First Degree, one of the prior convictions used to justify that classification, is no longer a qualifying predicate offense for career offender status. Doc. 34 at 11. But, as the Government asserts, that status had no practical effect on the guidelines range because the adjusted offense level based on drug quantity was the same as the career offender base offense level and defendant's criminal history points already put him in Criminal History Category VI. Doc. 39 at 5. At the hearing, defense counsel asserted that one of defendant's other prior convictions for Assault in the Second Degree in 2002 may have been based on a non-unanimous jury verdict. But defense counsel is awaiting records from the trial court to confirm whether that was, in fact, the case.

F.3d 1059, 1061–62 (9th Cir. 2010) (recognizing that 18 U.S.C. §§ 3621(b) and 3624(c) "govern the BOP's authority to place inmates in its custody in RRCs"); 18 U.S.C. § 3621(b)(4)(A)–(B) (authorizing BOP to "designate the place of the prisoner's imprisonment" upon consideration of, in pertinent part, "any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted; or recommending a type of penal or correctional facility as appropriate").

## CONCLUSION

Defendant's Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 34) is DENIED without prejudice. As mentioned at the hearing, defendant may file a renewed motion if circumstances change, which the Court will consider on an expedited basis.

IT IS SO ORDERED.

Dated this 22nd day of December 2020.


_____/s/Ann Aiken_____

Ann Aiken
United States District Judge